*Prepared and Proposed by*
David W. Zimmerman (5567)
Ginger Utley (11788)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Fax: (801) 799-5700

*Attorneys for Plaintiffs*

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

NOV -3 2010

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRG RESORT MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE RESORT CENTER CONDOMINIUMS OWNERS ASSOCIATION, a Utah Corporation; ALL SEASONS RESORT MANAGEMENT, INC., a Nevada Corporation; THE RESORT CENTER, LTD., a Utah limited partnership; TRENT DAVIS, an individual,<br><br>Defendants. | **STIPULATED ORDER DENYING RESORT CENTER MOTION TO DISMISS, STAYING CERTAIN PROCEEDINGS, AND ORDERING ADJUDICATION ON CERTAIN LIMITED CLAIMS FOR RELIEF**<br><br>Case No. 2:09-cv-1097<br><br>Judge Dee Benson |

This matter came on for hearing on September 8, 2010 (the "Hearing"). David W. Zimmerman and Ginger Utley of Holland & Hart LLP appeared on behalf of plaintiff PRG Resort Management, LLC ("PRG"), Steven W. Dougherty and Leslie K. Orgera of Anderson & Karrenberg appeared on behalf of defendant The Resort Center Ltd. ("Resort Center"), Brian C. Johnson and James L. Colvin of Strong & Hanni appeared on behalf of defendants The Resort

Center Condominiums Owners Association ("HOA") and Trent Davis ("Davis"), and George Burbidge of Christensen & Jensen appeared on behalf of defendant All Seasons Resort Management, Inc.

Subsequent to the Hearing, the parties have conferred concerning the proceedings in the Hearing and stipulated as set forth below, consistent with the proceedings during the hearing.

## PROCEEDINGS AT SEPTEMBER 8, 2010 HEARING

During the course of the proceedings, the Court took notice of the following:

1. PRG filed its amended complaint (the "Amended Complaint") in this action on March 5, 2010. In that complaint, the only claim for relief (the Seventh Claim for Relief) asserted against defendant Resort Center sought only declaratory relief (the "Federal Declaratory Relief Claim"). The Amended Complaint asserted other claims for relief against the other defendants in this case.

2. Prior to filing the original complaint in this action, PRG filed an action against Resort Center in the Third Judicial District Court for the District of Utah, Summit County, entitled *PRG Resort Management, LLC v. The Resort Center, Ltd.*, Civil No. 090500650 (the "State Action"). PRG's complaint and amended complaint in that action contained a claim seeking declaratory relief that is identical to the Federal Declaratory Relief Claim.

3. On April 26, 2010, Resort Center brought a motion to dismiss or stay the Federal Declaratory Relief Claim in this action based on the *Brillhart* abstention doctrine set forth in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942) (the "Motion to Dismiss").

4. By June 7, 2010, PRG and Resort Center completed briefing on the Motion to Dismiss.

5. On August 12, 2010, PRG filed its Seconded Amended Complaint in this action. PRG asserted at the Hearing that these include additional *coercive* claims for relief against Resort Center in addition to the Federal Declaratory Relief Claim, *i.e.*, the First Claim for Relief (civil conspiracy), the Thirteenth Claim for Relief (breach of contract), and the Fourteenth Claim for Relief (breach of implied covenant of good faith and fair dealing). In its Second Amended Complaint, The Federal Declaratory Relief Claim is asserted as PRG's Eighth Claim for Relief.

6. PRG further argued at the hearing that the *Brillhart* abstention doctrine applies only where a party asks a federal court to dismiss or stay a claim for declaratory relief based on a related claim pending in state court, based on language in *U.S. vs. City of Las Cruces*, 289 F.3d 1170 (10th Cir. 2000) ("If the plaintiff only requests a declaration of its rights, not coercive relief, the suit is a declaratory judgment action for purposes of determining whether the district court has broad discretion under *Brillhart* to refuse to entertain the suit. *See Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.*, 214 F.3d 562, 564(5th Cir. 2000) (holding that in a suit seeking coercive relief as well as declaratory relief, broad *Brillhart* standard inappropriate)").

7. Finally, PRG argued that, because PRG's Second Amended Complaint in this action includes three claims for *coercive* relief, the standard governing whether to dismiss or stay set forth under *Brillhart* no longer governs and that the more restrictive standard governing dismissal announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983) governs. PRG asserted that, under those cases, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a

controversy properly before it and that, abdication of the obligation to decide cases can be justified under this doctrine only in exceptional circumstances . . . .' *Colorado River Water Conservation District,* 424 U.S. at 813. *See also, Moses H. Cone,* 460 U.S. at 936.

8. Notwithstanding PRG's arguments, Resort Center argued at the hearing in this matter that principles of judicial administration dictate that PRG's claims for relief in this action should be dismissed or stayed because it plays a minor role in the overall fact pattern alleged in PRG's Second Amended Complaint.

9. Giving appropriate consideration to the arguments advanced by PRG regarding the standard for abstention under *Colorado River* and *Moses H. Cone,* and Resort Center's arguments that it should not be required to participate in long discovery and trial proceedings in which it asserts it does not play a significant role, the Court believes that principles of judicial economy dictate that the Eighth Claim for Relief in PRG's Second Amended Complaint should be adjudicated prior to the other claims for relief and defenses asserted between the parties in the case.

10. As orally stipulated during the Hearing, the parties stipulated to a stay of the State Action and of all claims in this case other than PRG's Eighth Claim for Relief.

## SUBSEQUENT STIPULATION BY COUNSEL

Subsequent to the Hearing, the parties have engaged in further proceedings and discussions related to the order by the Court at the Hearing as follows:

1. The HOA and Davis asserted a Counterclaim against PRG. The First Claim for Relief in the Counterclaim sought declaratory relief similar to that sought against Resort Center
4910324_4 (4).DOC

4

in its Eighth Claim for Relief. That is, the HOA and Davis sought a determination concerning the validity and effect of the asset purchase agreement between PRG and Crossways.

2. The parties acknowledge and agree that principles of judicial economy commend adjudication of the First Claim for Relief asserted by the HOA and Davis concurrently with the adjudication of PRG's Eighth Claim for Relief.

## ORDER

For the foregoing reasons, it is hereby ordered as follows:

1. Resort Center's Motion to Dismiss is DENIED.

2. The Court hereby retains jurisdiction over this action including, without limitation, all claims for relief asserted in PRG's Second Amended Complaint.

3. Pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, the parties shall adjudicate through judgment (1) the Eighth Claim for Relief in PRG's Second Amended Complaint against Resort Center, and (2) the First Claim for Relief in the Counterclaim by the HOA and Davis.

4. All proceedings on all other claims for relief asserted in all other pleadings in this action are hereby stayed. No further action shall be taken by the Court or the parties with respect to those claims for relief without further order from the Court.

Dated this 2nd day of November, 2010.

**BY THE COURT:**

Judge Dee Benson
United States District Court Judge

*Approved as to Form:*

**HOLLAND & HART LLP**


/s/ David W. Zimmerman
David W. Zimmerman
Ginger Utley
*Attorneys for PRG Resort Management, LLC*


**ANDERSON & KARRENBERG**


/s/Steven W. Dougherty
Steven W. Dougherty
Leslie K. Orgera
*Attorneys for The Resort Center, LTD.*
(Electronic signature affixed with permission of filing attorney)


**CHRISTENSEN & JENSEN, PC**


/s/George W. Burbidge, II
George W. Burbidge, II
*Attorneys for All Seasons Resort Management, Inc.*
(Electronic signature affixed with permission of filing attorney)


**STRONG & HANNI**


/s/Brian C. Johnson
Brian C. Johnson
James W. Stewart
James L. Colvin, III
*Attorneys for Resort Center Condominium Owner's Association and Trent Davis*
(Electronic signature affixed with permission of filing attorney)